1  **CRIS C. VAUGHAN**, SBN 99568
2  **KHUSHPREET R. MEHTON**, SBN 276827
   VAUGHAN & ASSOCIATES LAW OFFICE, APC
3  371 Nevada Street, #5338
   Auburn, CA 95603
4  Mailing: P.O. Box 5338, Auburn, CA 95604
   Telephone: (833) 481-1245
5  cvaughan@adasolutionsgroup.com
   kmehton@adasolutionsgroup.com
6
   Attorneys for Plaintiff, Moraya Investments, LLC
7

8                  **UNITED STATES DISTRICT COURT**
9
                  **NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  MORAYA INVESTMENTS, LLC, | Case No. |
| 12         Plaintiff/Stakeholder, | **COMPLAINT FOR INTERPLEADER** |
| 13     v. | |
| 14  PETER STROJNIK, | |
| 15  PHILIP H. STILLMAN, | |
| 16         Defendants/Claimants. | |
| 17 | |

18

19         Plaintiff, Moraya Investments, LLC, a California limited liability company, brings this

20  interpleader action pursuant to Fed. R. Civ. P. 22 against Defendants, Peter Strojnik and

21  Philip H. Stillman, each of whom claim an interest in funds held in trust by Plaintiff, as

22  more fully described below.

23                            **PARTIES**

24     1.    Defendant Peter Strojnik ("Strojnik") is a citizen of the state of Arizona.

25     2.    Defendant Philip H. Stillman ("Stillman") is a citizen of the state of Florida.

## JURISDICTION AND VENUE

3.      The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. section 1335.This action arises under Federal Statute 28 U.S.C. section 1335.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b) because a substantial part of the events or omissions giving rise to this action occurred, and a substantial part of the property that is the subject of the action is located in this judicial district.

## FACTUAL ALLEGATIONS

6.      Strojnik brought an action against Moraya in this district, Case No. 4:20-cv-01291-DMR.

7.      Moraya and Strojnik negotiated a settlement of the claim which included a payment of settlement of $3,000. The settlement agreement language stated that the settlement amount would be paid "to Plaintiff or lien claimant Philip H. Stillman as ordered by the Court." Strojnik and Stillman have now both made demand for payment of the settlement proceeds and each have threatened legal action if the settlement proceeds are not paid to them.

8.      If Moraya were to pay either Strojnik or Stillman without an order of this Court it would expose Moraya to liability to whomever was not paid the money.

## BASIS FOR INTERPLEADER RELIEF

9.      Moraya is willing to pay the settlement proceeds due under the terms of the settlement agreement. However, because there are multiple actual rival, adverse and conflicting claims to the settlement proceeds and uncertainty relative to the validity of the various claims, Moraya cannot safely pay either claimant without the risk of exposure to litigation and potential liability to the unpaid party.

10.     As such, Moraya has been unable to discharge its payment responsibilities under the settlement agreement without exposing itself to multiple liability, litigation, or both.

11.     Moraya should not be compelled to become involved in the disputes or contentions of Strojnik and Stillman, and these defendants should be ordered to litigate among themselves without further involving Moraya.

12.     Moraya has filed this complaint for interpleader relief of its own free will to avoid multiple liability, litigation, or both.

## **RELIEF SOUGHT.**

WHEREFORE, Plaintiff asks for the following relief:

a.     That Plaintiff be granted leave to deposit the settlement proceeds in the amount of $3,000 with this Court;

b.     That defendants/claimants be enjoined from instituting or prosecuting against Plaintiff any proceedings in state or federal court seeking to obtain the settlement proceeds;

c.     That the Court determine and declare the rights of defendants, and each of them, to the disputed settlement proceeds;

d.     That the Court discharge Plaintiff of and from any and all liability for any settlement proceeds;

e.     That the court excuse Plaintiff from any further attendance upon this cause and dismiss Plaintiff from this case with prejudice;

///

///

///

///

COMPLAINT FOR INTERPLEADER

f.      That this Court grant Plaintiff such other and further relief as the Court deems just and equitable, including attorneys' fees incurred in filing and prosecuting this complaint for interpleader, said sum to be deducted from the amount due and owing from the settlement proceeds.

VAUGHAN & ASSOCIATES LAW OFFICE, APC

Dated: December 6, 2022         By: */s/ Cris C. Vaughan*
                                CRIS C. VAUGHAN
                                Attorney for Plaintiff,
                                Moraya Investments, LLC